

JAN 18 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| D & N ELECTRIC COMPANY )<br>3015 RN Martin Street )<br>East Point, Georgia 30344 )<br> )<br>      Plaintiff )<br> )<br>v. )<br> )<br>PYRAMID CONSULTING, INC. )<br>405 Glenn Drive, Suite 4A )<br>Sterling, Virginia 20164 )<br> )<br>Serve: Gregory A. Siemer, R/A )<br>      405 Glenn Drive, Suite 4A )<br>      Sterling, Virginia 20164 )<br> )<br>      Defendant )<br>_____)| Civil Action #: 1:13CV84<br><br>CMH/JFA |

## COMPLAINT

COMES NOW Plaintiff, D&N ELECTRIC COMPANY, by and through its undersigned counsel, and states its Complaint against Defendant, PYRAMID CONSULTING, INC., as follows:

### PARTIES, JURISDICTION, AND VENUE

1. D & N Electric Company ("D & N") is a corporation duly incorporated under the laws of the State of Georgia with its principal place of business in Georgia.

2. Defendant, Pyramid Consulting, Inc. ("Pyramid"), is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Virginia.

3. The Court has jurisdiction as to all Counts pursuant to 28 U.S.C. §1332 since D & N is a corporation incorporated in the state of Georgia with its principal place of business in Georgia and Defendant is a corporation incorporated in the state of Virginia with its principal

place of business in Virginia. The amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) since Defendant resides in the Eastern District of Virginia.

## BACKGROUND FACTS

5. D & N entered into an agreement (the "LightSquared Agreement No. 1") with Pyramid whereby D & N would install electrical construction services on the construction of the LightSquared Ottawa Earth Station project in Ottawa, Ontario Canada (the "Ottawa Project").

6. D & N installed all electrical work on the Ottawa Project for the sum of $17,900.00.

7. D & N has completed all work required for the Ottawa Project, and all conditions precedent for final payment to D & N have been met.

8. As of August 9, 2012, Pyramid owes an outstanding balance of $17,990.00 to D & N for D & N's work on the Ottawa Project. A true and correct copy of the Invoice for the Ottawa Project is attached hereto as <u>Exhibit A</u> and is incorporated herein by reference.

9. D & N entered into an agreement (the "LightSquared Agreement No. 2") with Pyramid whereby D & N would install electrical construction services on the construction of the LightSquared Reston Earth Station project in Reston, Virginia (the "Reston Project").

10. D & N installed all electrical work on the Reston Project for the sum of $21,437.00.

11. D & N has completed all work required for the Reston Project, and all conditions precedent for final payment to D & N have been met.

12. Pyramid owes an outstanding balance of $21,437.00 to D & N for D & N's work

on the Reston Project. A true and correct copy of the Invoice for the Reston Project is attached hereto as <u>Exhibit B</u>, and is incorporated herein by reference.

13. D & N entered into a subcontract (the "T-Mobile-Nashville Contract") with Pyramid to install comprehensive electrical construction services for the T-Mobile Nashville MSO project in Nashville, Tennessee (the "Nashville Project"). A true and correct copy of the T-Mobile-Nashville Contract is attached hereto as <u>Exhibit C</u>, and is incorporated herein by reference.

14. D & N installed all electrical work on the Nashville Project for the sum of $370,703.00.

15. D & N has completed all work required for the Nashville Project, and all conditions precedent for final payment to D & N have been met. A true and correct copy of the Applications and Certifications for Payment on the Nashville Project is attached hereto as <u>Exhibit D</u> and is incorporated herein by reference.

16. Pyramid owes an outstanding balance of $51,898.42 to D & N for D & N's work on the Nashville Project. A true and correct copy of the Invoices for the Nashville Project is attached hereto as <u>Exhibit E</u> and is incorporated herein by reference.

## COUNT ONE
## BREACH OF CONTRACT–OTTAWA PROJECT

17. The allegations of Paragraphs 1 through 16 are incorporated herein by reference as if all such paragraphs were fully stated herein.

18. D & N and Pyramid entered into LightSquared Agreement No. 1 for certain labor, materials and work for the Ottawa Project.

19. D & N completed work on the Ottawa Project, and, on July 19, 2011, D & N sent an invoice to Pyramid for the outstanding balance owed to D & N on the Ottawa Project in the

amount of $17,990.00.

20. Pyramid has failed to pay the outstanding balance owed.

21. Pyramid has breached the express terms of LightSquared Agreement No. 1 by failing to pay D & N its final payment after the completion of its work.

22. As a direct and proximate result of Pyramid's breach of the LightSquared Agreement No. 1, D & N has been damaged in the principal amount of $17,990.00.

23. All of D & N's work for the Ottawa Project has been accepted by Pyramid and the Owner.

24. D & N has demanded payment for its work on the Ottawa Project, but Pyramid has refused and failed to pay the amount due.

25. To date, D & N has not been paid $17,990.00 for its work on the Ottawa Project, which amount is past due and presently owing under LightSquared Agreement No. 1.

26. D & N is entitled to recover interest accrued on the outstanding balance Pyramid owes D & N for work performed on the Ottawa Project at the applicable legal rate of interest from the date the principal balance became due through the date of judgment.

27. All conditions precedent to D & N's entitlement to recover the amount due have occurred, been performed, or have otherwise been waived, satisfied, excused or frustrated.

28. Therefore, D & N is entitled to recover from Pyramid for the Ottawa Project for the principal amount of at least $17,990.00, or such other amount to be proven at trial, plus interest at the applicable legal rate from the date that payment was due, plus post-judgment interest as allowed by law and costs of this action.

## COUNT TWO
## QUANTUM MERUIT – OTTAWA PROJECT
## (IN THE ALTERNATIVE TO COUNT ONE)

29. The allegations of Paragraphs 1 through 28 are incorporated herein by reference as if all such paragraphs were fully set forth herein.

30. At the request and direction of Pyramid, and with Pyramid's knowledge and consent, D & N provided the labor, materials, work and services requested by Pyramid in furtherance of the Ottawa Project with a full expectation of receiving reasonable and equitable compensation for said labor, materials, work and services.

31. Pyramid accepted and benefited from the labor, materials, work and services D & N provided in furtherance of the Ottawa Project.

32. The reasonable principal value of the labor, materials, work and services provided for the benefit of Pyramid in furtherance of the Ottawa Project for which D & N has not been paid totals at least $17,990.00.

33. Despite D & N's demand for payment for its work on the Ottawa Project, Pyramid has not paid D & N the amount due for the labor, materials, work and services D & N provided Pyramid in furtherance of the Ottawa Project.

34. Since D & N supplied materials to and performed labor and services for Pyramid, there was an implied promise for Pyramid to pay for such materials, labor and services.

35. D & N is entitled to interest on the principal amount due at the applicable legal rate from the date such principal amount was due.

36. Therefore, D & N is entitled to recover from Pyramid for the Ottawa Project in the amount of at least $17,990.00, or such other amount to be proven at trial, plus interest at the applicable legal rate from the date such principal amount was due.

## COUNT THREE
## BREACH OF CONTRACT – RESTON PROJECT

37. The allegations of Paragraphs 1 through 36 are incorporated herein by reference as if all such paragraphs were fully stated herein.

38. D & N and Pyramid entered into LightSquared Agreement No. 2 for certain labor, materials and work for the Reston Project.

39. D & N completed work on the Reston Project, and, on October 10, 2011, D & N sent an invoice to Pyramid for the outstanding balance owed to D & N on the Reston Project in the amount of $21,437.00.

40. Pyramid has failed to pay the outstanding balance owed.

41. Pyramid has breached the express terms of LightSquared Agreement No. 2 by failing to pay D & N its final payment after the completion of its work.

42. As a direct and proximate result of Pyramid's breach of LightSquared Agreement No. 2, D & N has been damaged in the principal amount of $21,437.00.

43. All of D & N's work for the Reston Project has been accepted by Pyramid and the Owner.

44. D & N has demanded payment for its work on the Reston Project, but Pyramid has refused and failed to pay the amount due.

45. To date, D & N has not been paid $21,437.00 for its work on the Reston Project, which amount is past due and presently owing under the LightSquared Agreement No. 2.

46. D & N is entitled to recover interest accrued on the outstanding balance Pyramid owes D & N for work performed on the Reston Project at the applicable legal rate of interest from the date the principal balance became due through the date of judgment.

47. All conditions precedent to D & N's entitlement to recover the amount due have

occurred, been performed, or have otherwise been waived, satisfied, excused or frustrated.

48. Therefore, D & N is entitled to recover from Pyramid on the Reston Project for the principal amount of at least $21,437.00, or such other amount to be proven at trial, plus interest at the applicable legal rate from the date that payment was due, plus post-judgment interest as allowed by law and costs of this action.

## COUNT FOUR
## QUANTUM MERUIT – RESTON PROJECT
## (IN THE ALTERNATIVE TO COUNT THREE)

49. The allegations of Paragraphs 1 through 48 are incorporated herein by reference as if all such paragraphs were fully set forth herein.

50. At the request and direction of Pyramid, and with Pyramid's knowledge and consent, D & N provided the labor, materials, work and services requested by Pyramid in furtherance of the Reston Project with a full expectation of receiving reasonable and equitable compensation for said labor, materials, work and services.

51. Pyramid accepted and benefited from the labor, materials, work and services D & N provided in furtherance of the Reston Project.

52. The reasonable principal value of the labor, materials, work and services provided for the benefit of Pyramid in furtherance of the Reston Project for which D & N has not been paid totals at least $21,437.00.

53. Despite D & N's demand for payment for its work on the Reston Project, Pyramid has not paid D & N the amount due for the labor, materials, work and services D & N provided Pyramid in furtherance of the Reston Project.

54. Since D & N supplied materials to and performed labor and services for Pyramid, there was an implied promise for Pyramid to pay for such materials, labor and services.

55. D & N is entitled to interest on the principal amount due at the applicable legal rate from the date such principal amount was due.

56. Therefore, D & N is entitled to recover from Pyramid for the Reston Project in the amount of at least $21,437.00, or such other amount to be proven at trial, plus interest at the applicable legal ratefrom the date such principal amount was due.

## COUNT FIVE
## BREACH OF CONTRACT – NASHVILLE PROJECT

57. The allegations of Paragraphs 1 through 56 are incorporated herein by reference as if all such paragraphs were fully stated herein.

58. D & N and Pyramid entered into the T-Mobile-Nashville Contract on November 5, 2010 for certain labor, materials and work for the Nashville Project.

59. D & N completed work on the Nashville Project, and, on September 30, 2011, D & N sent invoices to Pyramid for the outstanding balance owed to D & N on the Nashville Project in the amount of $51,898.42.

60. Pyramid has failed to pay the outstanding balance owed.

61. Pyramid has breached the express terms of the T-Mobile-Nashville Contract by failing to pay D & N its final payment after the completion of its work.

62. As a direct and proximate result of Pyramid's breach of the T-Mobile-Nashville Contract, D & N has been damaged in the principal amount of $51,898.42.

63. All of D & N's work for the Nashville Project has been accepted by Pyramid and the Owner.

64. D & N has demanded payment for its work on the Nashville Project, but Pyramid has refused and failed to pay the amount due.

65. To date, while D & N has been paid for part of its work on the Nashville Project,

D & N has not been paid $51,898.42 for its work on the Nashville Project, which amount is past due and presently owing under the T-Mobile-Nashville Contract.

66. D & N considers this transaction to be a commercial account. Therefore, D & N should be entitled to recover interest accrued on the outstanding balance Pyramid owes D & N for work performed for the Nashville Project at the applicable legal rate from the date the principal balance became due through the date of judgment.

67. All conditions precedent to D & N's entitlement to recover the amount due have occurred, been performed, or have otherwise been waived, satisfied, excused or frustrated.

68. Therefore, D & N is entitled to recover from Pyramid for the Nashville Project for the principal amount of at least $51,898.42, or such other amount to be proven at trial, plus interest at the applicable legal rate from the date that payment was due, plus post-judgment interest as allowed by law and costs of this action.

## COUNT SIX
## QUANTUM MERUIT – NASHVILLE PROJECT
## (IN THE ALTERNATIVE TO COUNT FIVE)

69. The allegations of Paragraphs 1 through 68 are incorporated herein by reference as if all such paragraphs were fully set forth herein.

70. At the request and direction of Pyramid, and with Pyramid's knowledge and consent, D & N provided the labor, materials, work and services requested by Pyramid in furtherance of the Nashville Project with a full expectation of receiving reasonable and equitable compensation for said labor, materials, work and services.

71. Pyramid accepted and benefited from the labor, materials, work and services D & N provided in furtherance of the Nashville Project.

72. The reasonable principal value of the labor, materials, work and services provided

9

for the benefit of Pyramid in furtherance of the Nashville Project for which D & N has not been paid totals at least $51,898.42.

73. Despite D & N's demand for payment for its work on the Nashville Project, Pyramid has not paid D & N the amount due for the labor, materials, work and services D & N provided Pyramid in furtherance of the Nashville Project.

74. Since D & N supplied materials to and performed labor and services for Pyramid, there was an implied promise for Pyramid to pay for such materials, labor and services.

75. D & N is entitled to interest on the principal amount due at the applicable legal rate from the date such principal amount was due.

76. Therefore, D & N is entitled to recover from Pyramid for the Nashville Project in the amount of at least $51,898.42, or such other amount to be proven at trial, plus interest at the applicable legal rate from the date such principal amount was due.

WHEREFORE, Plaintiff respectfully prays that this Court grant it the following relief:

(a) Judgment in favor of Plaintiff, D & N Electric Company against Defendant, Pyramid Consulting, Inc., pursuant to Count I in the principal amount of at least $17,990.00, or such other amount to be proven at trial, plus interest at the applicable legal rate from the date such amount was due until paid;

(b) In the alternative to Count I, Judgment in favor of Plaintiff, D & N Electric Company against Defendant, Pyramid Consulting, Inc., under Count II in the principal amount of at least $17,990.00, or such greater or other amount to be proven at trial, plus interest at the applicable legal rate from the date such amount was due until paid;

(c) Judgment in favor of Plaintiff, D & N Electric Company against Defendant, Pyramid Consulting, Inc., pursuant to Count III in the principal amount of at least $21,437.00, or such other amount to be proven at trial, plus interest at the applicable legal rate from the date such amount was due until paid;

(d) In the alternative to Count III, Judgment in favor of Plaintiff, D & N Electric Company against Defendant, Pyramid Consulting, Inc., under Count IV in the principal amount of at least $21,437.00, or such greater or other amount to be proven at trial, plus interest at the applicable legal rate from the date such amount was due until paid;

(e) Judgment in favor of Plaintiff, D & N Electric Company against Defendant, Pyramid Consulting, Inc., pursuant to Count V in the principal amount of at least $51,898.42, or such other amount to be proven at trial, plus interest at the applicable legal rate from the date such amount was due until paid;

(f) In the alternative to Count V, Judgment in favor of Plaintiff, D & N Electric Company against Defendant, Pyramid Consulting, Inc., under Count VI in the principal amount of at least $51,898.42, or such greater or other amount to be proven at trial, plus interest at the applicable legal rate from the date such amount was due until paid;

(g) That as to all amounts claimed herein and each Count herein, Plaintiff, D & N Electric Company, be awarded post-judgment interest at the rate allowed by law, reasonable attorneys' fees, and the costs of this action against Defendant, Pyramid Consulting, Inc., and for such further and other relief as the Court deems just and proper.

D & N ELECTRIC COMPANY
By Counsel

_/s/ Ralph D. Rinaldi_
Ralph D. Rinaldi, Esq.
Virginia State Bar # 38751
Counsel for Plaintiff, D&N Electric Company
Cowles, Rinaldi, Judkins & Korjus, Ltd.
10521 Judicial Drive, Suite 204
Fairfax, Virginia  22030
(703) 385-9060 (o)
(703) 385-4353 (f)
E-mail: Ralph@cowleslaw.com